# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**HOROB LIVESTOCK INC**,

Debtor.

Case No. **06-60149-7**

# MEMORANDUM OF DECISION

At Butte in said District this 21st day of September, 2007.

In this Chapter 7 bankruptcy, after due notice, a hearing was held September 18, 2007, in Billings on: (1) the Trustee's Amended Motion for Turnover of Property filed August 24, 2007; (2) the Trustee's Motion to Sell Property Free and Clear of Liens and Interest filed August 24, 2007; and (3) the Motion to Dismiss Horob Livestock, Inc., Bankruptcy filed by James and Bea Horob on August 30, 2007.[1]  The Chapter 7 Trustee, Joseph V. Womack of Billings, Montana ("Trustee") appeared at the hearing in support of the Trustee's motions and in opposition to the Motion to Dismiss filed by James and Bea Horob.  Attorneys William D. Lamdin and Kevin P. Heaney, both of Billings, Montana, appeared at the hearing on behalf of Wells Fargo Bank, N.A. ("Wells Fargo") and in opposition to the Motion to Dismiss filed by James and Bea Horob.

---

[1] Other matters were heard at the September 18, 2007, hearing and will be addressed by separate order or orders.

1

James and Bea Horob were represented at the hearing by attorney Kevin J. Chapman of Williston, North Dakota.  The Court heard testimony from James Horob ("James") and the parties agreed that the Court could consider the affidavits and exhibits attached to the above-referenced pleadings and the responses thereto.  At the commencement of the hearing, the Court allowed Debtor's counsel to withdraw on the basis that he had learned things that compromised his position and prohibited him from continuing as Debtor's counsel.  Thus, the Debtor was not represented at the hearing on the matters addressed in this Order.  This memorandum contains the Court's findings of fact and conclusions of law.

FACTUAL BACKGROUND

James and Todd Horob are brothers and each owns a 50% interest in the Debtor, Horob Livestock, Inc. ("Horob Livestock").  Todd Horob ("Todd") is the President and Chief Operating Officer of Horob Livestock.  Horob Livestock is a North Dakota corporation authorized to do business in North Dakota and Montana.  On March 24, 2006, Todd caused two voluntary Chapter 7 bankruptcy petitions to be filed; one on behalf of himself and one on behalf of Horob Livestock.  James did not file Horob Livestock's bankruptcy petition nor did he sign the Statement Regarding Authority to Sign and File Petition, and the evidence is not clear as to whether James had knowledge prior to March 24, 2006, regarding Todd's desire to file a bankruptcy petition on behalf of the Debtor.  However, James concedes that he knew that Todd had filed a bankruptcy petition on behalf of Horob Livestock either on March 24, 2006, or March 25, 2006.  James claims that because neither a formal corporate resolution exists nor a meeting occurred authorizing the bankruptcy filing and because he was not aware of and did not sign the "Statement Regarding Authority to Sign and File Petition," this case should be dismissed.

2

Although James has not taken an active role in this bankruptcy proceeding, he has nonetheless been involved. For instance, Wells Fargo filed a motion for a Rule 2004 examination on June 13, 2006, seeking to examine James. Wells Fargo's motion was granted by Order entered June 14, 2006, and Exhibit A attached to the Trustee's objection to the Motion to Dismiss reflects that James was indeed examined on July 19, 2006. James was represented at the July 19, 2006, Rule 2004 examination by attorney Peter H. Furuseth. In addition, the Trustee filed a motion to sell property on November 6, 2006, seeking to sell a 2006 Cadillac and a 2001 Wilson trailer to Teresa Horob. The Trustee's motion to sell was granted on December 1, 2006. Interestingly, the property allegedly purchased by Teresa Horob was paid for with monies supplied by James. The Trustee then filed a complaint on January 3, 2007, against, among others, James and Bea Horob. The Trustee maintains in his Complaint that certain property was fraudulently and/or preferentially transferred to James and Bea Horob just weeks before Debtor's March 24, 2006, petition date. James and Bea Horob appeared in the Adversary action on January 26, 2007, when they filed a stipulated motion to extend time to file an answer to the Trustee's Complaint. Trial in the Adversary Proceeding is scheduled to commence on October 15, 2007.

DISCUSSION

James and Bea Horob correctly assert in their motion that "a bankruptcy filing is a 'specific act requiring specific authorization.'" Indeed, "where a voluntary petition for bankruptcy is filed in behalf of a corporation, the bankruptcy court does not acquire jurisdiction unless those purporting to act for the corporation have authority under local law 'to institute the proceedings.'" *Hager v. Gibson*, 108 F.3d 35, 39 (4th Cir. 1997), quoting *Price v. Gurney*, 324

3

U.S. 100, 106, 65 S.Ct. 513, 516, 89 L.Ed. 776 (1945). However, like the plaintiff in *Hager*, James and Bea Horob fail to consider whether the authority to file a bankruptcy petition on behalf of a corporation could be ratified under local law. Referring to the Restatement (Second) of Agency, the court in *Hager* explained that ratification "is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." *Id.* at 39. The court in *Hager* continued:

> We are aware of no Virginia case applying the ratification principle to validate unauthorized acts essential to judicial jurisdiction, but are satisfied that it would be so applied by the Virginia courts. No Virginia case of which we are aware suggests that it would not be, and other courts readily have applied ratification to validate by relation-back a jurisdiction originally lacking in the very way here in issue. *See In re Martin-Trigona,* 760 F.2d 1334, 1341 (2d Cir.1985) (holding, on assumption of initial lack of authority to file voluntary petition in behalf of corporation, that corporation and sole stockholder "acquiesced in and ratified" filing by their ensuing participatory conduct); *Boyce v. Chemical Plastics, Inc.,* 175 F.2d 839, 842-44 (8th Cir.1949) (finding unauthorized filing ratified and jurisdiction thereby validated by later board of directors' resolution); In re *I.D. Craig Service Corp.,* 118 B.R. 335, 337-38 (Bankr.W.D.Pa.1990) (finding unauthorized filing by corporation president ratified by ensuing conduct of board of directors); *In re Hawaii Times Ltd.,* 53 B.R. 560, 563 (Bankr.D.Haw.1985) (recognizing potential for ratification of unauthorized filing by formal action of board); *see also In re Atlas Supply Corp.,* 857 F.2d 1061, 1064 (5th Cir.1988) (treating failure of fifty percent shareholder to object for over a year to allegedly unauthorized filing while participating in proceeding properly as "acquiescence" in bankruptcy proceeding); *Globus,* 195 B.R. at 265-66 (finding "acquiescence" by thirty percent shareholder in unauthorized filing by seventy percent shareholder without required unanimous shareholder consent).

*Id*. at 39-40.

Similar to the above cases, a federal district court in North Dakota has held that "the unauthorized acts of an officer of a corporation may be ratified by the corporation by conduct implying approval and adoption of the act in question. Such ratification may be express or may

4

be inferred from silence and inaction. If the corporation, after having full knowledge of the unauthorized act, does not disavow the agency and disaffirm the transaction within a reasonable time, it will be deemed to have ratified it." *American Cas. Co. of Reading, Pa. v. Dakota Tractor and Equip. Co. of Fargo, N.D.*, 234 F.Supp. 606, 611 (D.N.D. 1964). *See also Johnson v. Community Development Corp. Of Wahpeton*, 222 N.W.2d 847 (N.D. 1974).

      This Court concludes that North Dakota would readily continue to apply the doctrine of ratification. As discussed earlier, James had knowledge of Horob Livestock's bankruptcy filing since its inception and yet waited seventeen months to seek the dismissal of this bankruptcy. Curiously, James and Bea Horob seemed content to accept the protections afforded by Horob Livestock's bankruptcy until such time that it became necessary to file their motion in an effort to frustrate the Trustee's adversary proceeding. As mentioned earlier, the Trustee's complaint includes claims that are unique to a bankruptcy proceeding. A case relied upon by James and Bea Horob in their motion states that it could "conceive of circumstances where dismissal of a bankruptcy proceeding, for non-compliance with corporate by laws or state law upon the motion of a stockholder who holds what otherwise might be a preferential transfer, would be unjustified in both law and equity." *In re Stavola/Manson Elec. Co., Inc.*, 94 B.R. 21, 25 (Bankr. D.Conn. 1988).

      The above, combined with James knowledge of, and indeed participation behind the scenes in this bankruptcy proceeding for the past eighteen months convinces this Court that James acquiesced and consented to Horob Livestock's bankruptcy, and thus ratified such. Therefore, the motion to dismiss must fail. The Court would note at this juncture that it has no evidence before it as to when Bea Horob learned of Horob Livestock's bankruptcy, but that fact

5

is of no importance for as the Trustee correctly argues, Bea Horob is neither a shareholder nor an officer of Horob Livestock.

This brings the Court to the Trustee's pending Amended Motion for Turnover of Property, wherein the Trustee seeks the turnover of a 2005 GMC Sierra that is titled in the name of Horob Livestock but is in the possession of James and/or Bea Horob. Trustee also filed Trustee's Motion to Sell Property Free and Clear of Liens and Interest filed at docket entry no. 135 on August 24, 2007. Although James and Bea Horob oppose the Trustee's motion for turnover, their counsel conceded at the hearing that they have no legal basis for opposition of the motion. Concerning the motion to sell, James and Bea Horob stated in their response that they wanted to have the opportunity to meet any sale offer on the 2005 GMC Sierra. The Trustee agreed at the hearing that James and Bea Horob could meet the Trustee's pending offer of $30,000.00 for the 2005 GMC Sierra and retain the truck.

Consistent with the foregoing memorandum, the Court will enter the following separate order:

IT IS ORDERED that the Motion to Dismiss Horob Livestock, Inc. Bankruptcy filed by James and Bea Horob on August 30, 2007, at docket entry no. 142 is DENIED.

IT IS FURTHER ORDERED that the Trustee's Amended Motion for Turnover of Property filed at docket entry no. 133 on August 24, 2007, is GRANTED; the Trustee's Motion to Sell Property Free and Clear of Liens and Interest filed at docket entry no. 135 on August 24, 2007, is GRANTED; the Trustee is authorized to sell Debtor's 2005 GMC Sierra for the sum of $30,000.00, free and clear of all liens and interests; and James and Bea Horob shall have ten (10) days from the date of this Order to either turnover the 2005 GMC Sierra to the Trustee, or his

representative, or pay the Trustee the sum of $30,000.00 for the 2005 GMC Sierra.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana